Filed 12/1/23  Ranjbari v. Liberty Mutual Insurance Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROYA RANJBARI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LIBERTY MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendant and<br>Respondent. | B321595<br><br>(Los Angeles County<br>Super. Ct. No.<br>19STCV35158) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Robert B. Broadbelt, Judge.  Affirmed.

Heidari Law Group, Saman Ryan Heidari and Giorgio Cassandra, for Plaintiff and Appellant.

Colman Perkins Law Group, James J. Perkins and Chloe P. Graham, for Defendant and Respondent.

## I.     INTRODUCTION

Plaintiff Roya Ranjbari appeals from the trial court's denial of her petition to vacate an arbitration award in favor of defendant Liberty Mutual Insurance Company.  She contends the arbitrator committed misconduct warranting vacatur under Code of Civil Procedure section 1286.2, subdivision (a)(5)[1] when he excluded expert testimony, refused to postpone the hearing to resolve critical evidentiary issues, and denied her right to a court reporter.  We affirm.

## II.     PROCEDURAL BACKGROUND

A.     *Uninsured Motorist Claim Investigation*

Plaintiff was insured under an auto insurance policy issued by defendant that included uninsured motorist coverage with a $100,000 limit and an arbitration agreement.

On February 2, 2019, plaintiff made a letter demand on defendant on a claim arising from an auto collision that she stated occurred on August 7, 2018.  According to plaintiff, as she entered the 101 freeway, attempting to merge into the westbound lanes at 20 to 30 miles per hour, a white vehicle traveling 60 miles per hour struck her 2018 Kia on the left side.[2]  The impact

---

[1]     All further references are to the Code of Civil Procedure unless otherwise indicated.

[2]     The facts of the accident and plaintiff's injuries are taken from the independent medical examination (IME) report by Dr. Richard C. Rosenberg dated November 7, 2020, and the

propelled plaintiff's car into the guardrail on the right. Plaintiff did not hit any other vehicles. The white vehicle did not stop.

Plaintiff did not call for medical assistance at the scene or report the accident, but instead drove home and sought medical treatment at an emergency room the next day. That visit was followed by various medical examinations, chiropractic therapy, and pain management services.

On March 4, 2019, defendant's counsel responded to the demand by scheduling plaintiff for an examination under oath before a certified shorthand court reporter pursuant to the terms of her policy. Counsel also requested that plaintiff produce certain documents and bring her car to the examination so that defendant's expert could download its event data recorder (EDR).

On May 8, 2019, defendant sent plaintiff a copy of "the EDR download" obtained from plaintiff's car by defendant's expert.

On May 15, 2019, plaintiff acknowledged that she received and executed the transcript of her examination under oath.

B. *Arbitration Proceedings*

Pursuant to the arbitration agreement in plaintiff's policy, the parties submitted her uninsured motorist claim to binding arbitration administered by Judicate West, a dispute resolution provider.

---

arbitrator's July 22, 2021, findings and award. Plaintiff provided varying versions of the accident to insurance investigators, healthcare providers, and at the arbitration. The arbitrator ultimately found her testimony about the event not credible.

On October 2, 2020, plaintiff appeared for an IME at the office of Dr. Rosenberg. On November 5, 2020, Dr. Rosenberg forwarded his report on the IME to defendant's counsel, who in turn forwarded a copy to plaintiff's counsel.

On March 4, 2021, Judicate West served notice that the arbitration hearing would take place on July 12 and 13, 2021, before retired Superior Court Judge Christopher J. Warner.

On May 26, 2021, defendant served a deposition subpoena on one of plaintiff's health care providers seeking production of her medical records.

On June 18, 2021, plaintiff served a demand to exchange expert information pursuant to section 2034 requesting a response by June 25, 2021. No other expert demands were served by either party.

On June 22, 2021, defendant served an amended notice of intent to introduce documents at the arbitration hearing pursuant to California Rules of Court, rule 3.823,[3] including the IME report of Dr. Rosenberg and the EDR download report for plaintiff's car.

On Friday morning, July 9, 2021, the arbitrator held a conference with the parties in advance of the hearings set to begin the following Monday. Following the conference, plaintiff e-mailed a letter to the arbitrator raising certain evidentiary issues and requesting a hearing on those matters.[4] Defendant

---

[3]    All further rules references are to the California Rules of Court.

[4]    In addition to her July 9, 2021, letter, plaintiff served and lodged with the arbitrator that day an exhibit list with copies of the listed exhibits.

responded by e-mail on July 11, 2021, suggesting, among other things, that certain of the evidentiary matters could be handled during the course of the scheduled hearings.

The arbitration began on the morning of July 12, 2021, and concluded on the evening of July 13, 2021. Plaintiff testified for two hours and submitted photographs of her car and repair estimates. Her treating physicians and chiropractor also testified on her behalf, opining on her injuries. One of her witnesses, Dr. Larry Miller, testified that his opinions about plaintiff's injuries were based on plaintiff's statements about the accident, including her reporting of an impact that caused her car's airbags to deploy.

Defendant submitted exhibits including the transcript of plaintiff's examination under oath and Dr. Rosenberg's IME report. Defendant also called two forensic experts. Timothy Staab testified about his examination of the EDR, the mechanism that activates a vehicle's airbag. The EDR, which activates when there is a rapid change in velocity of five miles per hour or more, did not record an event on the day of the purported accident or any other time. Based on his examination of the EDR, Staab opined that if there was an impact to plaintiff's vehicle, it did not cause plaintiff's car to change velocity five miles per hour or more. Donald Miller testified about the nature of the damages to plaintiff's car and his opinions about plaintiff's body movements within the car, assuming that an accident occurred.

On July 22, 2021, the arbitrator issued his findings and award. He noted that plaintiff's testimony was "quite vague" regarding various aspects of the accident and that she "was impeached several times regarding the alleged accident with testimony from [her] Examination Under Oath taken April 10, 2019." The arbitrator found that: "The testimony of

5

[plaintiff's own witness] Dr. Miller was devastating to [plaintiff's] credibility . . . . Airbag deployment and a collision with the sound wall simply did not happen, assuming arguendo that a collision occurred at all. [¶] Setting aside [plaintiff's] lack of credibility, [defendant's] forensic evidence preponderates. The EDR data and photographs disprove this claim. [¶] **AWARD:** [¶] [Plaintiff] is to take nothing. Each [p]arty bears their own costs, fees and expenses."

C.    *Petition to Vacate Award*

On November 12, 2021, plaintiff filed a petition to vacate the award. According to plaintiff, her rights were prejudiced by the arbitrator's misconduct in (1) denying plaintiff the right to a court reporter; (2) "permitting [defendant] greater leeway with evidentiary issues relative" to plaintiff; (3) refusing to postpone the arbitration hearing pending a determination of evidentiary issues raised at the pre-arbitration conference; (4) and refusing to allow plaintiff to submit evidence and testimony. Plaintiff supported her petition with the declarations of her counsel and her two proposed rebuttal witnesses, as well as copies of the arbitration agreement and her July 9, 2021, letter to the arbitrator.

On November 22, 2021, defendant filed its opposition to the petition. The opposition was supported by the declaration of defendant's counsel describing, among other things, the July 9, 2021, pre-arbitration conference and the circumstances surrounding the exclusion of the two rebuttal witnesses, as well as 11 exhibits, including Dr. Rosenberg's IME report and counsel's letter transmitting the EDR download taken by Staab.

6

Plaintiff did not file a reply brief or any other papers in support of her petition.

On May 10, 2022, the trial court held a hearing on plaintiff's petition. Following the hearing, the court took the matter under submission and subsequently issued an order denying the petition.

On plaintiff's claim that the arbitrator prevented her from submitting evidence on a material issue in violation of section 1286.2, subdivision (a)(5), the trial court found that "[t]he evidence presented to the court makes clear that [p]laintiff is actually seeking to vacate the arbitration award based on the alleged erroneous sustaining of [d]efendant's objections to her rebuttal witnesses. . . . [¶] The court declines to review the arbitrator's decision based on an allegedly erroneous evidentiary ruling."

On her assertion that the arbitrator failed to postpone the hearing to resolve certain issues raised in her July 9, 2021, letter, the trial court found that "[t]here is evidence that some evidentiary concerns were resolved at the final hearing on July 9, 2021, and defense counsel also indicates that the arbitrator made other evidentiary rulings at the hearing."

And, on the arbitrator's refusal to allow a court reporter to transcribe the hearings, the trial court concluded that "[p]laintiff has not shown that her rights were substantial[ly] prejudiced [by] that ruling. Moreover, that the arbitrator recorded the proceedings himself does not appear to be improper," citing rule 3.824, subdivision (b)(1).

# III.  DISCUSSION

## A.  *Standard of Review*

Arbitration awards are generally not subject to judicial review.  (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 (*Moncharsh*).)  "[B]ecause it vindicates the intentions of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.'  [Citations.]  More specifically, courts will not review the validity of the arbitrator's reasoning.  [Citations.]  Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award.  [Citations.]  [¶]  Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law."  (*Id.* at p. 11.)

We subject a trial court's ruling on a petition to vacate an arbitration award "to a different standard of review than the underlying arbitration award.  [Citation.]  We apply the substantial evidence test to the trial court's determination of disputed factual issues.  [Citation.]  'Issues of statutory interpretation and the application of that interpretation to a set of undisputed facts are questions of law subject to independent review by this court.  [Citation.]'"  (*Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1087.)

B.    *Exclusion of Rebuttal Witnesses*

Plaintiff contends that the trial court erred by failing to vacate the arbitration award pursuant to section 1286.2, subdivision (a)(5), based upon the arbitrator's refusal to hear testimony from her proffered rebuttal witnesses.

1.    <u>Background</u>

Near the close of the arbitration hearing, after plaintiff had rested her case and defendant's forensic experts had testified, plaintiff's attorney stated that he wanted to call two witnesses on rebuttal, Robert A. Kilroy and David J. King.  Neither had testified during plaintiff's case-in-chief.  Defendant objected and requested an offer of proof.  Plaintiff proffered "that [Kilroy and King] had different opinions than those of [defendant's] experts." The arbitrator sustained defendant's objection and did not allow Kilroy and King to testify.

In support of her petition to vacate, plaintiff submitted Kilroy's declaration, in which he explained that he was a licensed chiropractor who was a percipient witness to the examination of plaintiff by Dr. Rosenberg.  Kilroy stated that he had been prepared to testify during the arbitration as a rebuttal witness about "the specific things [he] observed regarding what took place . . . ." Kilroy did not, however, state that he disagreed with any part of Dr. Rosenberg's testimony or opinion.

Plaintiff also submitted King's declaration in which he explained that he was a registered mechanical engineer who had been prepared to testify at the arbitration as "a rebuttal witness to the testimony proffered by other experts . . . regarding accident

9

reconstruction, [EDR] accuracy, and the location and function of the entire [EDR] and [a]irbag systems in as installed in [plaintiff's] vehicle." King, however, did not explain the substance of his proffered testimony, did not provide his opinion about the accident, and did not state that he disagreed with any portions of the testimony of defendant's experts.

### 2. Legal Principles

"[V]acation of an award for 'refusal . . . to hear evidence material to the controversy' (§ 1286.2, subd. (a)(5)) must rest on more than a simple error in applying the rules of evidence. . . . [S]ection 1286.2, subdivision (a)(5), 'if not properly limited, could swallow the rule that arbitration awards are generally not reviewable on the merits.' The provision is not 'a back door to *Moncharsh*[, *supra*, 3 Cal.4th 1] through which parties may routinely test the validity of legal theories of arbitrators.' [Citation.] Instead, it was designed as a 'safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citation.] It comes into play, for example, when an arbitrator, without justification, permits only one side to present evidence on a disputed material issue. [Citation.] The Arbitration Act codifies 'the fundamental principle that "[a]rbitration should give both parties an opportunity to be heard." [Citation.] . . . [T]he opportunity to be heard must be extended to all parties equitably.' [Citation.] To conduct an arbitration without abiding by that principle evinces bias, constituting misconduct." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368–369.)

10

### 3. Analysis

The record does not support plaintiff's assertion of misconduct under section 1286.2, subdivision (a)(5). Plaintiff's evidence in the trial court consisted of declarations from the two excluded witnesses, stating only that they were prepared to testify in rebuttal at the arbitration hearings and generally describing the topics of their proposed testimony. Further, the record of the arbitration proceedings demonstrated that, even though plaintiff was well aware of the EDR data and the identity of the expert who downloaded it, she did not conduct any expert discovery on the issue. Nor did she call an accident reconstruction expert during her case-in-chief, choosing instead to rely on her own testimony about the accident, photographs of her car, and repair estimates. Accordingly, and contrary to plaintiff's assertion, the evidence did not demonstrate that the arbitrator prevented her from presenting crucial accident reconstruction evidence. Instead, it described, at best, a disputed evidentiary issue concerning the proper scope of expert rebuttal testimony, the resolution of which was within the sound discretion of the arbitrator as the trier of fact. (See *Diamond Springs Lime Co. v. American River Constructors* (1971) 16 Cal.App.3d 581, 604 [trial court has discretionary authority over the scope of rebuttal testimony].)

### C. *Denial of Postponement*

Plaintiff next contends that she was substantially prejudiced by the arbitrator's purported refusal to postpone the arbitration to address her evidentiary concerns. According to

11

plaintiff, she established sufficient cause for a continuance of the arbitration hearings and therefore was entitled to an order vacating the arbitration award pursuant to section 1286.2, subdivision (a)(5).

1.    Background

As noted, following the July 9, 2021, pre-arbitration conference, plaintiff's counsel e-mailed a letter to the arbitrator expressing "concerns" and seeking "guidance and clarification . . . in order to be able to fairly present [plaintiff's] claim at time of arbitration."  Specifically, counsel queried why defendant was being allowed to call "two undisclosed forensic experts (who ha[d] not so much as had their specialty identified)" and "one undisclosed medical expert (who similarly ha[d] not been identified in any capacity)."  Counsel noted that defendant had not responded to plaintiff's request for exchange of expert information and argued that defendant should not be permitted to introduce its experts without plaintiff "having had an opportunity to depose the same."  Counsel also requested a hearing to determine the admissibility of the EDR data report from her car, claiming that she had no opportunity to conduct discovery concerning the report and arguing that it was therefore subject to exclusion.

Plaintiff's counsel concluded the letter by requesting that the arbitrator "hold a hearing as to the admissibility of any documentary evidence . . . [and] to determine the appropriateness of [defendant's] undisclosed witnesses . . . ."  Plaintiff did not, however, request a continuance or postponement of the hearings

12

set for July 12 and 13, 2021, or otherwise suggest that she was unable to proceed on the scheduled dates.

Defendant's counsel responded to plaintiff's letter in a July 11, 2021, e-mail arguing, among other things, that (1) the arbitrator ruled that "issues surrounding the EDR evidence would be resolved during the hearing itself;" (2) plaintiff's demand for exchange of expert information was untimely and there was no agreement concerning the exchange of expert information; and (3) plaintiff was well aware of the identity of two of defendant's expert's, namely, Dr. Rosenberg and Staab, and the identity of its third expert, Miller, had not been disclosed because plaintiff had refused to disclose at the pre-arbitration conference the witnesses she intended to call.

The arbitration hearing went forward as scheduled on July 12, 2021, and the record contains no further information concerning the evidentiary issues raised by plaintiff on July 9, 2021.

2.      Legal Principles

"[S]ection 1286.2 . . . , subdivision (a), which sets forth grounds for vacating an arbitration award, is an exception to the general rule precluding judicial review.  Section 1286.2, subdivision (a)(5) requires a court to vacate an arbitration award when a postponement request supported by sufficient cause is refused and the moving party suffers substantial prejudice. Section 1286.2, subdivision (a)(5), states, '[T]he court shall vacate the award if the court determines any of the following:  [¶]  . . . [¶]  . . .  The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon

13

sufficient cause being shown therefor . . . .' The Courts of Appeal have held, '[Section 1268.2, subdivision (a)(5), is] a safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citations.] [¶] . . . [¶]

"[T]he decision whether to grant a continuance lies in the first instance with the arbitrator. . . . [S]ection 1282.2 provides, 'Unless the arbitration agreement otherwise provides, or unless the parties to the arbitration otherwise provide by an agreement which is not contrary to the arbitration agreement as made or as modified by all the parties thereto: [¶] . . . [¶] (b) The neutral arbitrator may adjourn the hearing from time to time as necessary. On request of a party to the arbitration for good cause, or upon his own determination, the neutral arbitrator *may* postpone the hearing to a time not later than the date fixed by the agreement for making the award, or to a later date if the parties to the arbitration consent thereto.' (Italics added.) The word 'may' is permissive rather than mandatory. [Citations.]" (*SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1196–1197.)

3.      Analysis

Plaintiff's contention that she demonstrated sufficient cause for a postponement of the hearings is unsupported by the record. As she concedes, "the [trial] court was limited in its ability to evaluate [the sufficient cause] issues . . . ." Although she attributes the problems with the evidentiary record to the lack of a reporter, she ignores that her own evidence suggests that she did not request a postponement of the hearings

14

scheduled to commence on July12, 2021.  Instead, in plaintiff's letter, she requested "guidance" and a "preliminary hearing" on evidentiary issues initially raised at the July 9 pre-arbitration conference.  She did not state or imply that she was not prepared to proceed on July 12, or otherwise request a postponement of the proceedings pending the outcome of the requested evidentiary hearing.  And, as the trial court found, the arbitrator ruled on some, if not all, of her issues, either at the pre-arbitration conference or during the hearings.  That he may have ruled against her on some issues, such as the exclusion of defendant's forensic experts and the introduction of the EDR data, was not sufficient cause to continue the hearings.

Moreover, to the extent her July 9, 2021, letter could be construed as a request for a continuance to take the depositions of plaintiff's experts and conduct other accident reconstruction discovery,[5] she failed to explain why the need for such depositions and other discovery had not been addressed earlier in the proceedings.  As defendant's evidence showed, plaintiff received the EDR report in May 2019, and she was thus aware of Staab's identity since at least that time.  Similarly, she received Dr. Rosenberg's IME report in November 2020 and therefore had adequate time prior to the July hearing dates to conduct discovery on any issues raised by the facts or conclusions stated in his report.  And, it was undisputed that her request to

---

[5]     In her letter, plaintiff requested an evidentiary hearing on the admissibility of the EDR data and stated that "[the] report was generated by a person, and cannot be used in lieu of that person, if at all qualified, to testify to the same.  This is especially true if [plaintiff] ha[d] no opportunity to depose such person with sufficient time for the presentation of her [a]rbitration claim."

exchange expert information was sent less than a month prior to the scheduled hearing dates, making it untimely under section 2034. Yet she provided no explanation for the tardiness of her request, much less one that would have excused her failure to discover the defense experts' identities earlier.

The trial court therefore did not err in concluding that the arbitrator had adequately addressed plaintiff's evidentiary concerns.

D.     *Denial of Court Reporter*

Plaintiff contends, as a preliminary matter, that the arbitrator erred by relying on rule 3.824 in support of his refusal to allow a court reporter, as that rule applies only in judicially mandated arbitrations. She also contends that she had a right to a reporter under section 1282.5 and that the arbitrator's denial of that right "reflected [his] failure to conduct a fair and impartial hearing" in violation of section 1286.2, subdivision (a)(5).

1.     Background

At the outset of the arbitration hearings,[6] the arbitrator denied plaintiff's request to have a certified shorthand reporter transcribe the proceedings and "ordered that no recordings be

---

[6]     Plaintiff asserts, without citation to evidence, that the arbitrator's decision to deny her a court reporter was made at the July 9, 2021, pre-arbitration conference. Her letter to the arbitrator that day, however, fails to mention any request for a court reporter or ruling on the issue.

16

made other than by him at his option[,] . . . cit[ing] . . . rule 3.284(b)(3) as support."

2.      Legal Principles

The arbitration proceeding here was commenced pursuant to the agreement of the parties.  Such contract-based arbitrations are governed by the contractual arbitration law, section 1280 et seq.  (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 342 (*Mercury*).)  The right to a court reporter in those types of arbitrations is delineated in section 1282.5, which provides, in pertinent part:  "(a)  [¶]  (1)  A party to an arbitration has the right to have a certified shorthand reporter transcribe any deposition, proceeding, or hearing.  The transcript shall be the official record of the deposition, proceeding, or hearing.  [¶] (2)  A party requesting a certified shorthand reporter shall make his or her request in or at either of the following:  [¶]  . . .  [¶] (B)  A pre-hearing scheduling conference at which a deposition, proceeding, or hearing is being calendared.  [¶]  (b)  If an arbitration agreement does not provide for a certified shorthand reporter, the party requesting the transcript shall incur the expense of the certified shorthand reporter.  . . . .  [¶]  (c)  If an arbitrator refuses to allow a party to have a certified shorthand reporter transcribe any deposition, proceeding, or hearing pursuant to this section, the party may petition the court for an order to compel the arbitrator to grant the party's request.  The petition may include a request for an order to stay any deposition, proceeding, or hearing related to the arbitration pending the court's determination of the petition.  [¶]  (d)  This section does not add grounds for vacating an arbitration award

17

pursuant to subdivision (a) of Section 1286.2 or for correcting an arbitration award pursuant to Section 1286.6."

### 3. Analysis

To the extent the arbitrator relied on rule 3.824 as authority for his refusal to allow a court reporter to transcribe the proceedings, he erred as that rule applies only to judicial arbitrations.[7] But such erroneous legal decisions by arbitrator's are generally not reviewable on a petition to vacate. (*Moncharsh, supra*, 3 Cal.4th at p. 11.)

Moreover, although the trial court mentioned rule 3.824 in denying the petition on the court reporter issue, it did not base its decision on that rule. Instead, it concluded that plaintiff had not demonstrated substantial prejudice from the arbitrator's ruling;

---

[7] In judicial arbitrations—governed by section 1141.10 et seq., as implemented by rule 3.810 et seq. (see *Mercury, supra*, 19 Cal.4th at p. 343)—the right to a court reporter is set forth in rule 3.824(b), which provides: "**(b) Record of proceedings** [¶] **(1) Arbitrator's record** The arbitrator may, but is not required to, make a record of the proceedings. [¶] **(2) Record not subject to discovery** Any records of the proceedings made by or at the direction of the arbitrator are deemed the arbitrator's personal notes and are not subject to discovery, and the arbitrator must not deliver them to any party to the case or to any other person, except to an employee using the records under the arbitrator's supervision or pursuant to a subpoena issued in a criminal investigation or prosecution for perjury. [¶] **(3) No other record** No other record may be made, and the arbitrator must not permit the presence of a stenographer or court reporter or the use of any recording device at the hearing, except as expressly permitted by (1)."

it cited rule 3.824 on the separate issue of whether the arbitrator committed misconduct by making an audio recording of the proceeding.

To the extent plaintiff maintains that the refusal to allow a court reporter demonstrated arbitrator bias sufficient to warrant vacatur under section 1286.2, subdivision (a)(5), her challenge is unavailing.  As explained in subdivision (d) of section 1282.5, an arbitrator's violation of that section does not create an additional ground for vacating the award under section 1286.2.  Instead, the remedy for an arbitrator's refusal to allow a court reporter is the right to seek a court order under subdivision (d) staying the arbitration and compelling the arbitrator to grant the request, an order that plaintiff failed to seek here.  Moreover, plaintiff did not submit any evidence in the trial court to suggest that the recitation of the arbitration proceedings in the award was inaccurate, one-sided, or otherwise deviated substantially from what actually transpired during those proceedings.  Thus, the denial of a reporter did not, by itself, show bias sufficient to warrant vacating the award under section 1286.2, subdivision (a)(5).

## IV.  DISPOSITION

The order denying the petition to vacate the arbitration award is affirmed.  Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.